UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE DEAN ROBINSON, ) | CASE NO. 3: 15 CV 2165 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| BRIAN COOK, Warden, ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Lawrence Dean Robinson has filed this Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Petitioner was tried and convicted of one count of Felony Murder and one count of Premeditated Murder and sentenced to two consecutive life sentences in the Huron County Court of Common Pleas in 1975 for shooting and killing Alice Wamack after robbing her at gunpoint. The Ohio Court of Appeals affirmed Petitioner's convictions in 1976.

The Petition reflects that in 2012, over three decades after he was convicted, Petitioner filed a motion for post-conviction relief with the state trial court, asserting that his sentence for multiple convictions for allied offenses violated his constitutional rights. The Ohio courts held Petitioner's motion for post-conviction relief was time-barred under Ohio law and denied Petitioner's motion. *See State of Ohio v. Robinson*, No. H-12-025, 2013-Ohio-2941 (Ohio App.

6th Dist. July 5, 2013), *appeal not accepted*, 137 Ohio St.3d 1411, 2013-Ohio-5096, 998 N.E.2d 511; *see also State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St. 3d, 2015-Ohio-1553 (Ohio 2015).

Petitioner asserts the same grounds in his present Petition that he raised in his untimely motion for post-conviction relief in state court, *i.e.*, that the trial court's imposition of consecutive life sentences violated his constitutional rights. The Petition must be denied because the Ohio state courts have held Petitioner's claims procedurally barred. Where a state law establishes a procedural bar to a constitutional claim, a federal court will not consider the claim on *habeas* review unless the Petitioner establishes adequate cause to excuse his failure to raise the claim in state court and actual prejudice to him. *Riggins v. McMackin,* 935 F.2d 790, 793 (6th Cir. 1991). No such showing is reasonably suggested on the face of the Petition.

**Conclusion**

Accordingly, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 1) is granted, but for the reasons stated above, his Petition for a Writ of *Habeas Corpus* is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis on which to issue a certificate of appealability.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: January 11, 2016